UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:19-cv-00210-FDW

| | |
|---|---|
| DANIEL H. COBOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ERIK A. HOOKS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

THIS MATTER is before the Court on Petitioner's Motion for Appointment of Counsel (Doc. No. 4). Also before the Court is Petitioner's Motion for Mandatory Disqualification or Recusal (Doc. No. 5).

**I.    BACKGROUND**

Petitioner is a North Carolina state court prisoner currently incarcerated at Pamlico Correctional Institution after being convicted in Buncombe County for attempted first-degree rape, assault with a deadly weapon, first-degree burglary, indecent liberties with a child, and second-degree murder. (Doc. No. 1, p. 1). On August 1, 2002, Petitioner was sentenced to a term of 419 to 541 months of incarceration with the North Carolina Department of Corrections. (Doc. No. 1, p. 1); see also State v. Cobos, No. 02 CRS 058635, 5687-91, 7086, 58598-58599, 59712, 2017 N.C. Super. LEXIS 251, at *4 (N.C. Super. Ct. Aug. 31, 2017). Approximately thirteen years after his guilty plea, Defendant filed a pro se Motion for Appropriate Relief ("MAR") in state court, alleging the prosecutor failed to make a sufficient accusation, the Superior Court lacked subject matter jurisdiction, ineffective assistance of counsel, and that the warrant for second-degree murder was issued the same day the plea was entered. (Doc. No. 1, p. 3); Cobos, 2017 N.C. Super.

1

LEXIS 251, at *4. The MAR was granted in part and denied in part. (Doc. No. 1, p. 3); Cobos, 2017 N.C. Super. LEXIS 251, at *31-32. After the partial denial, Petitioner petitioned for certiorari before the North Carolina Court of Appeals, which was denied. (Doc. No. 1, p. 4). After the appeal, Petitioner filed the case presently before the Court.

## II. MOTION FOR APPOINTMENT OF COUNSEL

In his Motion for Appointment of Counsel, Petitioner states he is unable to afford counsel, contends his imprisonment will limit his ability to litigate complex legal issues, and that English is his second language. (Doc. No. 4, p. 1). There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Petitioner's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Petitioner's Motion for Appointment of Counsel will be denied.

## III. MOTION FOR DISQUALIFICATION OR RECUSAL

Petitioner, in his Motion for Mandatory Disqualification or Recusal, asks the Court to disqualify from testifying or otherwise ordering recusal of the Honorable J. Calvin Hill, Chief District Court Judge for the 28th Judicial District of North Carolina Judicial Branch, contending Judge Hill's prior representation of Petitioner creates bias. (Doc. No. 5, p. 1). Citing to 28 U.S.C. §§ 144, 455, and "Due Process," Petitioner appears to take issue with Judge Hill's testimony at his MAR hearing in 2017. Id.

The Court begins, as it must, with the text of the statute. Under 28 U.S.C. § 144,

"[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the *judge before whom the matter is pending* has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further," and the case is reassigned. 28 U.S.C. § 144 (emphasis added). Similarly, under 28 U.S.C. § 455, members of the federal judiciary are required to disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned," as well as other enumerated circumstances. 28 U.S.C. § 455(a)-(b). Similar to Section 144, the provisions of Section 455 apply to a judge or justice presiding over a case. See James-Bey v. Stancil, No. 3:13-cv-00386, 2019 WL 5197610, at *2 (W.D.N.C. Oct. 14, 2019). Moreover, the provisions of Title 28 are federal law and apply only to the federal judiciary, not to state court judges. See id.; see also 28 U.S.C. § 451. Due process, on the other hand, "guarantees 'an absence of actual bias' on the part of a judge." Williams v. Pennsylvania, 136 S.Ct. 1899, 1905 (2016) (quoting In re Murchison, 349 U.S. 133, 136 (1955)). There is a due process concern related to bias by a judge is where "the same person serves as both the accuser and adjudicator in a case." Id.

Petitioner's concerns of bias are misplaced. First, the Court is without authority to order a state court judge to recuse under Title 28 of the United States Code. As Chief Judge Hill is a judge of the North Carolina Judicial Branch, the Court cannot order his recusal. Second, the context of Petitioner's complaint is that Chief Judge Hill testified in response to Petitioner's MAR, which included a claim of ineffective assistance of counsel against Chief Judge Hill based on his representation of Petitioner during Petitioner's underlying criminal conviction. See (Doc. No. 3, pp. 82, 86-91). The Honorable Mark E. Powell presided over this hearing, not Chief Judge Hill. Id. at 102. As such, there is no due process concern of bias by a judge.

3

## IV. Conclusion

For the foregoing reasons, Petitioner's Motion for Appointment of Counsel (Doc. No. 4) and Motion for Mandatory Disqualification or Recusal (Doc. No. 5) are DENIED.

The Clerk of Court is respectfully DIRECTED to send a copy of this Order to Petitioner at his address of record.

IT IS SO ORDERED.

Signed: March 25, 2020

Frank D. Whitney
Chief United States District Judge