IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00210-MR

| | |
|---|---|
| DANIEL H. COBOS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ERIK A. HOOKS, Secretary of ) <br> Department of Public Safety, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Response to the Court's October 2, 2020 Order. [Doc. 9].

I.     **BACKGROUND**

Daniel H. Cobos ("the Petitioner") is a prisoner of the State of North Carolina. On August 1, 2002, he pled guilty in Buncombe County Superior Court on counts of second-degree murder, attempted first-degree rape of a child, taking indecent liberties with a child, first-degree burglary, and assault with a deadly weapon inflicting serious injuries. The Petitioner did not appeal his sentence.

On August 12, 2015, the Petitioner filed a Motion for Appropriate Relief ("MAR") in Buncombe County Superior Court arguing that he had received

ineffective assistance of counsel and that the bill of information for the attempted first-degree rape of a child charge was fatally defective because it omitted the word "carnally." On September 6, 2017, the Buncombe County Superior Court entered a written order denying the Petitioner's ineffective assistance of counsel claim and granting the claim related to the attempted first-degree rape charge. The court vacated the bill of information on the attempted first-degree rape charge as defective and vacated the Petitioner's sentence for that offense.

On August 24, 2018, the Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals. On October 3, 2018, the North Carolina Court of Appeals denied the Petitioner's petition for writ of certiorari.

On June 28, 2019, the Petitioner filed a habeas petition in this Court. [Doc. 1]. On October 2, 2020, the Court entered an Order explaining that the Petitioner's habeas petition appeared to be untimely under § 2244(d)(1)(A) and instructed him to show cause why his petition should not be dismissed. [Doc. 8].

On October 19, 2020, the Petitioner filed his response to the Court's Order. [Doc. 9]. In his response, the Petitioner contends the statute of limitations should be equitably tolled because he had limited access to legal services and had no access to a legal library while in prison. [Id. at 3-9]. The

Petitioner further argues that his counsel at the MAR proceeding provided ineffective assistance under Martinez v. Ryan, 566 U.S. 1 (2012). [Id. at 10]. The Petitioner also contends that the statute of limitations that would bar his habeas petition is impermissibly vague because it does not explicitly state that it applies to non-death row prisoners. [Id. at 13].

## II. DISCUSSION

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotations omitted).

### A. Lack of Access to Legal Materials or Legal Services

The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. Accordingly, states must affirmatively provide prisoners with either law libraries or persons

3

trained in the law to assist in the prosecution of both post-conviction proceedings and civil rights actions. Id. To comply with this requirement, North Carolina has contracted with North Carolina Prisoner Legal Services ("NCPLS") to assist North Carolina prisoners with their claims. Fowler v. Lee, 18 F. App'x 164, 166 (4th Cir. 2001).

As required by Bounds, the Petitioner had access to North Carolina Prisoner Legal Services ("NCPLS"), which is staffed by persons trained in the law. While the Plaintiff alleges that NCPLS wrongfully denied him assistance with his direct appeal of his conviction, "NCPLS attorneys are at liberty to use their professional judgment and are not obligated to undertake representation in virtually every case brought by inmates." Pickens v. Shanahan, No. 1:16-cv-00251, 2016 WL 9077909, at *3 (M.D.N.C. Apr. 7, 2016), report and recommendation adopted, No. 1:16-cv-00251, 2016 WL 9074614 (M.D.N.C. Apr. 25, 2016), aff'd, 682 F. App'x 186 (4th Cir. 2017). The NCPLS attorney who evaluated the Petitioner's case explained in a three-page letter that there did not appear to "be a legal basis to set aside your plea" and that NCPLS would therefore "decline to represent you in post-conviction proceedings." [Doc. 9-2 at 2]. Nevertheless, NCPLS advised the Petitioner that he could pursue a federal habeas corpus petition after filing

an MAR and advised him on the relevant time for doing so under the statute of limitations. [Id.].¹

The Petitioner has also failed to identify any "extraordinary" circumstance that prevented him from filing a timely § 2254 petition. "North Carolina's decision to utilize [NCPLS] in lieu of providing prison libraries at all of its correctional facilities is hardly an extraordinary circumstance unique to petitioner." Bryant v. Hines, No. 5:12–HC2061–F, 2013 WL 427101, at *5 (E.D.N.C. Feb. 4, 2013) (unpublished). Moreover, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Stated differently, it is not extraordinary for a prisoner to lack legal resources or be ignorant of the law. Because the Petitioner has failed to show that he has been diligently pursuing his rights or that some extraordinary circumstance prevented him from timely filing this habeas petition, the Petitioner is not entitled to equitable tolling of the statute of limitations.

---

¹ The Petitioner claims that NCPLS "purposefully withheld the results of its assessment of Petitioner's claim for approximately 3-6 months." [Doc. 9 at 7]. The Petitioner, however, offers no plausible factual allegations to support his claim that NCPLS purposefully withheld its legal assessment. Moreover, the Petitioner states that he asked NCPLS to help him "approximately two months" after he pled guilty in August 2002. [Id. at 7]. NCPLS sent the letter declining to represent him on November 8, 2002. [Doc. 9-2]. Accordingly, the Petitioner has failed to plausibly allege that NCPLS purposefully delayed its provision of legal advice or took three to six months to respond to the Petitioner's request for help.

## B. Ineffective Assistance of Counsel

The Petitioner asserts that his trial counsel and his MAR counsel allegedly provided ineffective assistance that constitutes grounds for equitably tolling the statute of limitations under Martinez v. Ryan, 566 U.S. 1 (2012).

First, with regard to the trial counsel, "Martinez applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding and has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." Lambrix v. Sec'y, Florida Dep't of 4 Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) (citations and quotations omitted). In other words, "the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to [the] statute of limitations [in § 2244(d)] or the tolling of that period." Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014); see also Lombardo v. United States, 860 F.3d 547, 557–58 (7th Cir. 2017). Here, the Petitioner's argument improperly attempts to apply Martinez to equitably toll the statute of limitations. Norman v. Hooks, No. 5:20-cv-00021-MR, 2020 WL 3076600, at *3 (W.D.N.C. June 10, 2020) (Reidinger, C.J.) (concluding that Martinez "cannot serve as a basis for tolling the statute of limitations under § 2244(d)(1)(A).").

6

Case 1:19-cv-00210-MR    Document 10    Filed 12/01/20    Page 6 of 10

Moreover, "Martinez does not apply to claims that were properly presented and adjudicated on their merits in the state courts." Morgan v. Joyner, No. 1:09-cv-00416, 2016 WL 4703977, at *15 (W.D.N.C. Sept. 7, 2016) (Whitney, C.J.) (citing Gray v. Zook, 806 F.3d 783, 789 (4th Cir. 2015)). The Petitioner's ineffective assistance of counsel claim against his trial counsel was adjudicated on the merits in his MAR, and he appealed the denial of his ineffective assistance claim in a writ of certiorari to the North Carolina Court of Appeals. [Doc. 1-4 at 3]. As such, Martinez does not constitute grounds for equitably tolling the statute of limitations. Mays v. Hooks, No. 3:20-cv-00087-FDW, 2020 WL 739366, at *2 (W.D.N.C. Feb. 13, 2020) (Whitney, C.J.) (finding that the statute of limitations was not equitably tolled when a petitioner asserted that his trial attorney and post-conviction attorney rendered ineffective assistance.).

With regard to the Petitioner's MAR counsel, there is no constitutional right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Murray v. Giarratano, 492 U.S. 1 (1989). Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982). Consequently, there can be no Sixth Amendment deprivation of the effective assistance of post-conviction counsel. Coleman v. Thompson, 501 U.S. 722,

7

752 (1991). Accordingly, the Petitioner had no right to the effective assistance of counsel with respect to his MAR proceedings.

For these reasons, the Petitioner's ineffective assistance of counsel claims do not toll the AEDPA's statute of limitations.

**C.     Vagueness**

The Petitioner contends that the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") cannot bar his habeas petition because it does not explicitly state that it applies to non-death row prisoners and is therefore impermissibly vague. [Doc. 9 at 13].

The text of the AEDPA does not limit its application to capital cases.[2] Moreover, courts have universally concluded "that the AEDPA applies to 'all habeas corpus proceedings in the federal courts' filed after its enactment, even those submitted by individuals convicted of noncapital offenses." Young v. Vannoy, 690 F. App'x 199 (5th Cir. 2017) (quoting Lindh v. Murphy, 521 U.S. 320, 326 (1997)). The Petitioner provides no authority to the contrary. Accordingly, the Petitioner has failed to show grounds for concluding that his habeas petition is not barred by the AEDPA's statute of limitations.

---

[2] The AEDPA provides that its statute of limitations "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and contains no exception for noncapital cases.

Because statutory and equitable tolling do not apply here, the Petitioner's habeas petition will be dismissed as untimely under § 2244(d)(1)(A) for the reasons explained in the Court's October 2, 2020 Order.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: December 1, 2020

Martin Reidinger
Chief United States District Judge